UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| T'KEESHA CHAPMAN,<br>    Plaintiff, | Case No. 1:23-cv-745 |
| vs. | McFarland, J.<br>Litkovitz, M.J. |
| STEPHANIE BISHOP, et al.,<br>    Defendants. | REPORT AND<br>RECOMMENDATION |

Plaintiff, a resident of Cincinnati, Ohio, has filed a pro se civil complaint against Hamilton County, Ohio Job and Family Services Caseworker Stephanie Bishop, Hamilton County Public Defender/Guardian Ad Litem Sara Glasshagel, and Attorney Susan Basler. (Doc. 1). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is now before the Court for a s*ua sponte* review of the complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B).

**Screening of Complaint**

    A.    **Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in*

*forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the

2

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

B.   **Plaintiff's complaint and attachments thereto**

Attached to plaintiff's complaint are documents from the Hamilton County Juvenile Court concerning dependency proceedings involving plaintiff's biological minor son and daughter, which the Court has considered in reviewing plaintiff's complaint.[1] Plaintiff alleges that she was informed by defendant Bishop that she would not be permitted visitation with her

---

[1] Pursuant to Federal Rule of Civil Procedure 10, these exhibits are considered a part of the complaint "for all purposes." *See* Fed. R. Civ. P. 10(c). *See Fishman v. Williams*, No. CV 14-4823, 2016 WL 11484591, at *7 (C.D. Cal. Sept. 21, 2016) ("When screening a *pro se* plaintiff's complaint pursuant to 28 U.S.C. § 1915A, the Court may consider facts drawn from the complaint and supporting exhibits attached thereto."); *Johnson v. Buffalo Pub. Schools: Adult Educ. Div.*, No. 19-cv-1484, 2021 WL 9455714, at *3 (W.D.N.Y. Jan. 7, 2021) ("The Court deems the attachments and exhibits attached to Johnson's Complaint part of the pleading and considers them, to the extent they are relevant, in its screening decision."). However, the Court declines to comb through the record to raise new claims or make legal arguments for plaintiff. *Cf. Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("Furthermore, although this court has discretion to more broadly review the record on appeal, we, like the district courts, have a limited and neutral role in the adversarial process, and are wary of becoming advocates who comb the record of previously available evidence and make a party's case for it.").

children, yet an adult sibling of the children was permitted supervised visits. She alleges that Bishop claimed plaintiff abandoned her children, necessitating foster care placement, and that Bishop approved unnecessary medical treatment for the children before receiving court approval. The complaint alleges that defendant Glasshagel confirmed that foster care was in the best interests of the children. Plaintiff alleges that the children's biological father has been permitted visitation since his release from incarceration, and his lawyer, defendant Basler, indicated her client's wish to be granted custody. Plaintiff states this matter has been set for trial on January 18, 2024 in the Hamilton County Juvenile Court. Plaintiff alleges that defendants have violated their duties to protect her children and provide services for reunification. She also alleges that defendant Bishop "[m]isrepresented the children's wishes and best interest to the court by indicated their wish was to remain in Foster Care Placement." (Doc. 1-1 at PAGEID 14). Plaintiff brings a single claim of "negligence." (Doc. 1-1 at PAGEID 14, 17). As relief, plaintiff asks the Court to (1) "[d]eny the motion of Hamilton County Jobs and Family Services to modify Temporary Custody to Permanent Custody to Hamilton County Jobs and Family Services with a finding that the modification would not serve the best interest of Plaintiff's children"; (2) "[t]erminate Temporary Custody to Hamilton County Jobs and Family Services by Writ of Habeas Corpus on Custody and deny the Non-Custodial Parent's petition for Custody, permitting the children to be reunited with family"; and (3) award her $77,000,000,000.00 in damages. (*Id*. at PAGEID 18).

    **C.**     **Resolution**

Plaintiff's allegations are insufficient to state a claim with an arguable basis in law over which this federal Court has subject matter jurisdiction.

4

The complaint alleges that juvenile court proceedings are ongoing. Therefore, this Court is precluded from adjudicating plaintiff's claims under the abstention doctrine formulated in *Younger v. Harris,* 401 U.S. 37 (1971). Absent extraordinary circumstances, federal courts may not interfere with pending state criminal proceedings in order to entertain constitutional challenges to the state proceedings. *Id.* Under *Younger*, the federal court must abstain where "[1] state proceedings are pending; [2] the state proceedings involve an important state interest; and [3] the state proceeding will afford the plaintiff an adequate opportunity to raise h[er] constitutional claims." *Kelm v. Hyatt,* 44 F.3d 415, 419 (6th Cir. 1995) (citing *Nilsson v. Ruppert, Bronson & Chicarelli Co.,* 888 F.2d 452, 454 (6th Cir. 1989)). *See also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 (1987); *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 603-05 (1975). Extraordinary circumstances barring abstention include "great and immediate" irreparable injury, state law that is "flagrantly and patently violative of express constitutional prohibitions," or "bad faith, harassment, or any other unusual circumstance that would call for equitable relief." *Younger,* 401 U.S. at 46, 53, 54. *See Fieger v. Thomas*, 74 F.3d 740, 750 (6th Cir. 1996).

All three factors supporting *Younger* abstention are present in this case. First, plaintiff alleges that a dependency case is currently pending in the Hamilton County Juvenile Court, and the matter is scheduled for trial. *See Huffman*, 420 U.S. at 608; *Loch v. Watkins*, 337 F.3d 574, 578 (6th Cir. 2003); *Foster v. Kassulke*, 898 F.2d 1144, 1146 (6th Cir. 1990). Second, the dependency case implicates the important state interests in child custody and parental rights. *See Meyers v. Franklin Cnty. Court of Common Pleas*, 23 F. App'x 201, 204 (6th Cir. 2001) (*Younger* abstention case stating that "cases out of the Supreme Court and this Court make it clear that abstention is generally appropriate in matters of family relations such as child custody"). *See also Younger*, 401 U.S. at 43-45. Third, there is no allegation that the state

5

juvenile court proceedings cannot provide an opportunity for plaintiff to raise any constitutional claims in connection with the dependency proceedings. *See Furr-Barry v. Underwood*, 59 F. App'x 796, 797 (6th Cir. 2003) (affirming the application of *Younger* where a case was pending in a Tennessee juvenile court, because "there was no evidence that the state court proceedings did not provide an opportunity for [the plaintiff] to raise her constitutional claims[ ]"). Therefore, abstention under *Younger* is appropriate.

Nor has plaintiff alleged facts showing the existence of extraordinary circumstances barring the application of *Younger* abstention. For the reasons stated above, the Court concludes that adherence to the *Younger* abstention doctrine is required in this case.

In addition, the Court lacks subject matter jurisdiction over plaintiff's state law claim of negligence. In order for diversity jurisdiction under 28 U.S.C. § 1332(a) to lie, the citizenship of the plaintiff must be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 531 (1967)); *see also Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967); *Winningham v. North American Res. Corp.*, 809 F. Supp. 546, 551 (S.D. Ohio 1992). In this case, the complaint indicates that both plaintiff and defendants are citizens of Ohio. Therefore, the citizenship of the parties is not diverse. 28 U.S.C. § 1332(a)(1). This Court lacks subject matter jurisdiction on the basis of diversity of citizenship over plaintiff's negligence claim.

To the extent plaintiff's complaint, liberally construed, invokes the Court's federal question jurisdiction, the complaint fails to state a claim for relief. District courts have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the

6

United States." 28 U.S.C. § 1331. In order to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, plaintiff must allege facts showing the cause of action involves an issue of federal law. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). The undersigned is unable to discern from the facts alleged in the complaint any federal statutory or constitutional provision that applies to give rise to an actionable claim for relief.

Even if the complaint is liberally construed as alleging both substantive and procedural due process claims under the Fourteenth Amendment, it fails to state a claim for relief against defendants. To state a claim for relief under Section 1983, plaintiff must allege that: (1) she was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005).

Defendants Glasshagel and Basler are not state actors subject to liability under 42 U.S.C. § 1983. Defendant Glasshagel, the children's guardian ad litem, "reports to the court as an independent investigator and acts as an advocate of the child, thereby occupying a role 'distinct from the court before which she advocates,'" and thus is not a state actor for the purpose of § 1983. *Jacob v. Ronayne*, No. 20-13370, 2022 WL 90852, at *2 (E.D. Mich. Jan. 7, 2022) (quoting *Reguli v. Guffee*, 371 F. App'x 590, 601 (6th Cir. 2010)). *See also Arsan v. Keller*, No. 3: 17-cv-121, 2017 WL 6398734, at *4 (S.D. Ohio Dec. 13, 2017). Likewise, defendant Basler, the attorney for the children's father, did not act under color of state law. It is well-settled that "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk Cnty. v. Dodson*, 454 U.S. 312,

318 (1981); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165-66 (6th Cir. 2003). Therefore, the complaint should be dismissed against defendants Glasshagel and Basler.

The complaint fails to state a substantive due process claim against defendant Bishop, which is premised on Bishop's alleged deprivation of plaintiff's parental rights. In a case directly on point, the plaintiff (a parent) filed suit against a county child services case worker after losing custody of her children, and the Sixth Circuit held:

> [C]ounty caseworkers cannot be held liable for a juvenile court's decision to deprive a parent of custody "[b]ecause Ohio law refers custody decisions to the juvenile court, which has independent authority to conduct hearings and collect evidence." *Teets v. Cuyahoga Cty.*, 460 F. App'x 498, 502 (6th Cir. 2012) (citing *Pittman v. Cuyahoga Cty. Dep't of Children & Family Servs.*, 640 F.3d 716, 729 (6th Cir. 2011)). "[E]ven intentional misrepresentations by a social worker during an investigation leading up to Ohio custody proceedings do not violate the parent's substantive due process rights because *the social worker has no independent ability to institute the alleged deprivation*." *Id.* Thus, when "the [plaintiff] seek[s] to hold [county caseworkers] accountable for subsequent criminal or juvenile court actions, that argument also fails." *Id.*

*Arsan v. Keller*, 784 F. App'x 900, 910 (6th Cir. 2019) (emphasis added).

In the instant case, defendant Bishop had "no independent ability" to grant Hamilton County Children's Services temporary custody of plaintiff's minor children. *Id.* Rather, that decision rested with the Hamilton County Juvenile Court. Plaintiff's Fourteenth Amendment substantive due process claim against defendant Bishop should be dismissed.

To the extent the complaint is construed to allege a procedural due process claim against defendant Bishop, that claim should also be dismissed. Plaintiff appears to allege that the juvenile court hearing resulting in the deprivation of her parental rights was unfair because defendant Bishop "[m]isrepresented the children's wishes and best interest *to the court* by indicating their wish was to remain in Foster Care Placement." (Doc. 1-1 at PAGEID 14)

8

(emphasis added). In *Arsan*, the Sixth Circuit held:

> When an aggrieved parent sues county caseworkers for their conduct during child custody proceedings culminating in the deprivation of custody by the juvenile court, however, responsibility for procedural deficiencies lies with the juvenile court, not the caseworkers. *Pittman*, 640 F.3d at 730. *When caseworkers give testimony or otherwise participate as legal advocates in custody hearings, quasi-prosecutorial immunity shields them from liability. Id.* at 724. This immunity, which is absolute and applies in the same way as prosecutorial immunity, shields caseworkers from damages even when they knowingly make false or defamatory statements, *id.* at 725, or when their conduct is "unquestionably illegal or improper," [*Cady v. Arenac Cnty.*, 574 F.3d 334, 340 (6th Cir. 2009)]. All that matters is that the alleged illegal conduct stems from the caseworker's "capacity as a legal advocate," such as testifying in juvenile court. *Pittman*, 640 F.3d at 724.

*Id.* at 911 (emphasis added).

Plaintiff's procedural due process claim unquestionably involves defendant Bishop's "capacity as a legal advocate." *Id.* (quoting *Pittman*, 640 F.3d at 724). Plaintiff appears to allege that defendant Bishop gave false testimony to the juvenile court in connection with the temporary custody proceedings. Defendant Bishop is shielded by quasi-prosecutorial immunity from plaintiff's Fourteenth Amendment procedural due process claim.

In sum, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because plaintiff's allegations are insufficient to state a claim with an arguable basis in law over which this federal Court has subject matter jurisdiction, and plaintiff has failed to state a claim upon which relief may be granted.

### IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good

faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. See *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: 11/29/2023

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

T'KEESHA CHAPMAN,　　　　　　　　　　Case No. 1:23-cv-745
　　　Plaintiff,
　　　　　　　　　　　　　　　　　　　　McFarland, J.
　vs.　　　　　　　　　　　　　　　　　　Litkovitz, M.J.

STEPHANIE BISHOP, et al.,
　　　Defendants

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).